**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| ODYSSEY ENGINES LLC, et al., | Case No. 20-16772-RAM |
| Debtors. | <u>Jointly Administered</u><br>Case No: 20-16792-RAM<br>Case No: 20-16797-RAM<br>Case No: 20-16798-RAM<br>Case No: 20-16799-RAM<br>Case No: 20-16800-RAM<br>Case No: 20-16802-RAM<br>Case No: 20-16805-RAM<br>Case No: 20-16806-RAM |
| _____/ | |

## **MOTION TO SUBSTANTIVELY CONSOLIDATE ESTATES**

Soneet Kapila ("<u>Trustee Kapila</u>"), chapter 7 trustee for the above referenced jointly administered bankruptcy estates, by and through undersigned counsel, pursuant to 11 U.S.C. § 105, respectfully moves (the "<u>Motion</u>") to substantively consolidate these estates. In addition, Trustee Kapila seeks the substantive consolidation of non-debtor, Miami NDT Engine Services, LLC ("<u>Miami NDT Services</u>"), a wholly owned subsidiary of the estate styled *In re 8130 Acquisitions Corporation, LLC*, 20-16799-RAM (the "<u>8130 Debtor</u>"). In support of this Motion, Trustee Kapila states as follows:

Jurisdiction, Venue, Procedural and Statutory Predicate

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought is 11 U.S.C. § 105.

1

Background

1. The debtors commenced these bankruptcy cases on June 23, 2020 (the "Petition Date"). The debtors operated as debtors-in-possession through September 29, 2021, when the Court converted [ECF No. 480] the cases to chapter 7. After conversion to chapter 7, Trustee Kapila was appointed trustee for these estates.

2. Since the conversion date, among other activities, Trustee Kapila has investigated the separateness of the debtors' and Miami NDT Service's interrelated business relationships and has determined the following:

   a. the debtors were owned and controlled, directly or indirectly, during all material times, by Messrs. Boyer and Plasco;

   b. the debtors operated and held themselves out to the public as a vertically integrated aviation leasing, maintenance, overhaul and testing group under the trade name "Odyssey Engines;"

   c. as of the petition date, and thereafter, debtors failed to maintain books and records;

   d. the last filed tax returns were 2018;

   e. the debtors made millions in inter-company transfers during the four-years prior to the Petition Date;

   f. the debtors assets were commingled;

   g. it appears that the businesses of one or more debtors were nearly exclusively with other debtors;

   h. the debtors' routinely failed to allocate fairly and proportionally common overhead expenses;

      i. specifically with regard to Miami NDT Services, it was the operating arm of the 8130 Debtor, whose lawful operations were tied to an FAA certificate held in the name of debtor in case styled *In re Miami NDT, Inc.*, 20-16806-RAM; and

      j. many of the debtors were jointly liable on all significant liabilities impacting its integrated business.

In short, there is a substantial identity by and among the debtors and Miami NDT Services, a feature that was actually promoted by the debtors to the general public during all material times.

3. Moreover, Trustee Kapila is informed and believes that continuing to administer these estates separately will cause substantial economic prejudice to creditors and the estates because the administrative burden of doing so will eliminate any prospect of a recovery for creditors.[1]

## Relief Requested

4. By this Motion, Trustee Kapila seeks an order substantively consolidating the assets and liabilities of all of the above referenced debtors and Miami NDT Services into the lead bankruptcy case styled *In re Odyssey Engines, LLC*, 20-16772-RAM.

5. Substantive consolidation "involves the pooling of the assets and liabilities of two or more related entities; the liabilities of the entities involved are then satisfied from the common pool of assets created by consolidation .... In addition, substantive consolidation eliminates the inter-corporate liabilities of the consolidated entities." *Eastgroup Properties v. Southern Motel Assoc, Ltd.*, 935 F.2d 245, 248 (11th Cir. 1991).

---

[1] Trustee Kapila has had numerous communications about the impact of the substantive consolidation of Miami NDT Services with counsel for the plaintiffs in the pending action styled *Erika Exinia et al. v. Caribean Sun Airlines, Inc. and Miami NDT Engine Services, LLC*, 2020-024624 CA 31 (11th Judicial Circuit, Miami, Florida). Trustee Kapila is advised and believes that counsel to the plaintiffs in that matter supports consolidation based upon the facts and circumstances of this case.

3

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

6. While not specifically authorized by the Bankruptcy Code, bankruptcy courts have the power to order substantive consolidation by virtue of their general equitable powers. *See* e.g. *Union Savings Bank v. Augie/Restivo Baking Co. (In re Augie/Restivo Baking Co.)*, 860 F.2d 515, 518 & n. 1 (2d Cr. 1988). "In 1940, the Supreme Court gave its tacit approval to this equitable power to substantively consolidate two estates." *Reider v. Federal Deposit Ins. Corp. (In re Reider)*, 31 F.3d 1102, 1105 (11th Cir. 1994) (citing Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215 (1940)).

7. In the Eleventh Circuit, the test for assessing the propriety of granting substantive consolidation is "whether 'the economic prejudice of continued debtor separateness' outweighs 'the economic prejudice of consolidation.'" *See Eastgroup Properties*, 935 F.2d at 249 (quoting *In re Snider Bros., Inc.*, 18 B.R. 230, 234 (Bankr.D.Mass. 1982)). In connection therewith, courts "must analyze whether 'consolidation yields benefits offsetting the harm it inflicts on objecting parties.'" *See In re Reider*, 31 F.3d at 1108 (internal citations omitted).[2]

8. As a result, "the proponent of a motion for substantive consolidation must demonstrate: (1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit. *Id*.

---

[2] The Eleventh Circuit identified certain factors which may aid a court in its determination as to whether there is substantial identity between the entities to be consolidated. These factors are:(a) the presence or absence of consolidated financial statements; (b) the unity of interests and ownership between various corporate entities; (c) the existence of parent and intercorporate guarantees on loans; (d) the degree of difficulty in segregating and ascertaining individual assets and liabilities; (e) the existence of transfers of assets without formal observance of corporate formalities; (f) the commingling of assets and business functions; (g) the profitability of consolidation at a single physical location; (h) the parent owning the majority of the subsidiary's stock; (i) the entities having common officers or directors; (j) the subsidiary being grossly undercapitalized; (k) the subsidiary transacting business solely with the parent; and (l) both entities disregarding the legal requirements of the subsidiary as a separate organization. *See Eastgroup Properties.*, 935 F.2d at 249-50 (citing to *In re Vecco Construction Industries, Inc*., 4 B.R. 407, 410 (Bankr.E.D.Va. 1980). The Court in *Eastgroup Properties* stressed that these factors are non-exclusive examples of information relevant to a court's inquiry and that no single factor is likely to be determinative. *Id*. at 250.

4

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

9. If the proponent of substantive consolidation satisfies this two-part test, then a "presumption arises 'that creditors have not relied solely on the credit of one of the entities involved.'" *See Eastgroup Properties*, 935 F.2d at 249 (quoting *Matter of Lewellyn*, 26 B.R. 246, 251-52 (Bankr.S.D.Iowa 1982). As such, if the prima facie showing of substantial identity and harm or benefit is made, then "the burden shifts to an objecting creditor to show that (1) it has relied on the separate credit of one of the entities to be consolidated; and (2) it will be prejudiced by substantive consolidation." *See Eastgroup Properties*, 935 F.2d at 249. Even if the objecting creditor makes this necessary showing, the Court may still order consolidation "if it determines that the demonstrated benefits of consolidation 'heavily' outweigh the harm." *Id.* (quoting *In re Auto-Train Corp.*, 810 F.2d 270, 276 (D.C. Cir. 1987)).

10. Based up on the factors set forth in Eastgroup Properties, Trustee Kapila asserts and believes that substantive consolidation of these bankruptcy estates, including Miami NDT Services, is necessary and appropriate for several reasons.

    a. First, the debtors and Miami NDT Services were all owned and controlled, directly or indirectly, by Messrs. Boyer and Plasco;

    b. Second, the debtors made millions in inter-company transfers during the four-years prior to the petition date;

    c. Third, the entities held themselves out to the general public as operating a vertically integrated aviation leasing, maintenance, overhaul and testing group under the trade name "Odyssey Engines;" and

    d. Fourth, all or materially all of the assets, liabilities, and financial affairs were commingled and not separated in a manner that would make it economically feasible to liquidate and account for the estates separately.

5

e.  Fourth, separating the financial affairs at this stage is not economically feasible in connection with liquidating the estates.

There is a clear "substantial identity" among the entities. Moreover, the proposed consolidation will allow the bankruptcy estates and their creditors to avoid substantial expense and prejudice of administering each case separately.

WHEREFORE, Trustee Kapila respectfully requests that the Court enter an Order: (i) granting this Motion; (ii) substantively consolidating the assets and liabilities of all of the above referenced debtors and Miami NDT Services into the lead bankruptcy case styled *In re Odyssey Engines, LLC*, 20-16772-RAM; and (iii) providing such other and further relief as the Court may deem just and proper.

**I HEREBY CERTIFY** on April 27, 2022, a true and correct copy of the Motion was served by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF, on the date the Order was entered on the court docket, to those parties registered to receive NEF in this case. The Motion will be on all other creditors by First Class Mail upon issuance of the Notice of Hearing on the Motion.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200

By:    */s/ Drew M. Dillworth*
       DREW DILLWORTH, ESQ.
       ddillworth@stearnsweaver.com
       Florida Bar No. 0167835
       ERIC J. SILVER, ESQ.
       Florida Bar Number 057262
       esilver@stearnsweaver.com

6