

**ORDERED in the Southern District of Florida on May 25, 2022.**

_____
**Robert A. Mark, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| ODYSSEY ENGINES LLC, et al., | Case No. 20-16772-RAM |
| Debtors. | Jointly Administered<br>Case No: 20-16792-RAM<br>Case No: 20-16797-RAM<br>Case No: 20-16798-RAM<br>Case No: 20-16799-RAM<br>Case No: 20-16800-RAM<br>Case No: 20-16802-RAM<br>Case No: 20-16805-RAM<br>Case No: 20-16806-RAM |
| _____/ | |

**ORDER GRANTING MOTION TO**
**SUBSTANTIVELY CONSOLIDATE ESTATES**

On May 24, 2022 at 2:30 p.m. (the "Hearing"), the Court held a hearing on Trustee Kapila's *Motion to Substantively Consolidate Estates* [ECF No. 638] (the "Sub Con Motion"). There were not objections to the Sub Con Motion filed with the Court or asserted at the hearing. The Court, being familiar with the record of these cases, and having considered the presentation of Trustee Kapila at

the hearing, finds and determines that the economic prejudice of continued debtor/estate separateness outweighs the economic prejudice of debtor/estate consolidation. *See Eastgroup Properties v. Southern Motel Assoc, Ltd.*, 935 F.2d 245, 249 (11th Cir. 1991). Therefore, the Court does –

ORDER and ADJUDGE that

1. The Sub Con Motion is GRANTED.

2. All of the debtor estates are substantively consolidated with and into the lead estate styled *In re Odyssey Engines LLC*, 20-16772-RAM. In addition, non-debtor, Miami NDT Engine Services, LLC, a wholly owned subsidiary of the estate styled *In re 8130 Acquisitions Corporation, LLC*, 20-16799-RAM is also substantively consolidated with and into the estate styled *In re Odyssey Engines LLC*, 20-16772-RAM.

3. Notwithstanding the substantive consolidation of these estates, substantive consolidation shall not impact any of rights of the United States of America, which are specifically preserved, regarding any Payroll Support Program ("PSP") funds disbursed to any entity; including, without limitation, whether any person was employed by any specific entity on any given date. Nor shall substantive consolidation, or this clarifying language, impact any compromise of the pending dispute between the bankruptcy estate and United States regarding PSP funds disbursed to any entity.

4. The automatic stay imposed by 11 U.S.C. § 362 is hereby modified to permit the plaintiffs in litigation styled *Erika Exinia et al. v. Caribean Sun Airlines, Inc. and Miami NDT Engine Services, LLC*, 2020-024624 CA 31 (11th Judicial Circuit, Miami, Florida) to continue to prosecute such litigation against the debtors and to obtain recovery solely from the debtors' available insurance in effect at the time of the relevant incidents.

5. All future pleadings in this case shall use the following case caption:

**In re:**  **Chapter 7**

**ODYSSEY ENGINES LLC,**  **Case No.: 20-16772- RAM**
**(Substantively Consolidated)**

           **Debtor.**
_____/

# # #

Copies furnished to:
Drew Dillworth, Esq.
ddillworth@stearnsweaver.com
Florida Bar No. 0167835
STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3200
(Attorney Dillworth is directed to serve a conformed copy of this Order, upon receipt of same, upon all interested parties.)

#10645794 v1